J-S43022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ERIC BAKER, II | : | |
| | : | |
| Appellant | : | No. 1070 EDA 2022 |

Appeal from the PCRA Order Entered March 17, 2022,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s):  CP-46-CR-0001800-2011.

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED FEBRUARY 7, 2023**

Timothy Eric Baker, II, appeals *pro se* from the order denying his untimely filed second petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On January 10, 2012, Baker entered and open guilty plea to an amended charge of conspiracy to commit homicide.  On May 10, 2012, the trial court sentenced him to 18 to 36 years in prison.  Baker did not file a post-sentence motion or a direct appeal.  On May 16, 2014, however, Baker filed a *pro se* PCRA petition, which the PCRA court denied after appointing counsel and issuing proper notice.  Baker did not appeal.

Baker filed the instant *pro se* PCRA petition on January 21, 2022.  In this second petition, he alleged that he received an "affidavit" from Tyreek

Willis earlier that month in which Willis asserted that he had been coerced by law enforcement to give a statement in the aftermath of the shooting that implicated Baker. According to Baker, Willis's statement was the sole reason law enforcement was able to obtain a search warrant for his arrest and led him to decide to plead guilty.

On February 11, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Baker's second PCRA petition because it was facially untimely, and he failed to satisfy the newly discovered fact exception to the PCRA's time bar. Baker filed a response. By order entered March 17, 2022, the PCRA court dismissed Baker's petition. This timely appeal followed. Both Baker and the PCRA court have complied with Pa.R.A.P. 1925.

Baker raises the following issue:

> Did the PCRA Court abuse its discretion and commit legal error when it declined to convene [an] evidentiary hearing to make findings of fact and conclusions of law with respect to whether [Baker] meets an exception to the one-year time limitation pursuant to 42 [Pa.C.S.A.] § 9545(b)(1)(i)-(ii)?

Baker's Brief at 3.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Baker asserts that the PCRA court erred in failing to hold an evidentiary hearing. As our Supreme Court has summarized:

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

As noted above, the PCRA court concluded that Baker's second PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's

time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Baker's judgment of sentence became final on June 11, 2012, thirty days after the trial court imposed his sentence and the thirty-day period for filing an appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thereafter, Baker had one year in which to file a timely PCRA petition. Because Baker filed his second PCRA petition in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Baker has failed to plead and prove a time-bar exception. Within his brief, Baker asserts that he could establish the newly discovered fact exception. As this Court has previously summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, as noted above, Baker contends that the recent letter he received from Willis established a genuine issue of material fact as to the voluntariness of his guilty plea. As such, he asserts that the PCRA court "should have convened an evidentiary hearing to make credibility determinations [] concerning" his allegations. Baker's Brief at 10. According to Baker, "it [was] impossible to determine whether [he] meets an exception" to the PCRA's time bar "without convening an evidentiary hearing to ultimately assess whether [his] plea was entered voluntarily, knowingly and intelligently." *Id.* at 10-11.

Baker misapprehends his burden when establishing the time-bar exception. The newly discovered facts exception at Section 9545(b)(1)(ii) does not require any merits analysis of the underlying after-discovered-evidence claim. *Brown*, 111 A.3d at 177. Rather, Baker must first demonstrate he did not know the facts upon which he based his petition and

could not have learned of those facts earlier by the exercise of due diligence.
*Id.*

The PCRA court concluded that Baker did not establish the newly discovered fact exception because he did not establish due diligence:

> Here, [Baker] attached to his *pro se* petition an undated, unsworn statement purportedly authored by Tyreek Willis. [The address Baker lists for Willis in paragraph 13 of his petition is different from the return address that appears on the envelope he purportedly received from Willis.] [Baker] has not pleaded an explanation as to why Willis waited so long to provide this information to him or why [Baker] could not have learned of Willis' purported claim sooner through the exercise of due diligence. In addition, the letter purportedly sent by Willis is not a newly discovered fact warranting post-conviction relief because [Baker's] claim that Willis' [police] statement is the sole reason he was arrested is unfounded. The affidavit of probable cause includes ample evidence, aside from Willis' statement, supporting the issuance of [Baker's] arrest warrant.

PCRA Court Opinion, 6/10/23, at 4-5 (footnotes omitted). Thus, the court concluded that Baker "did not satisfy his burden of pleading an exception to the PCRA's one-year limitations period and [the] court properly dismissed the untimely petition without a hearing." *Id.* at 5 (footnote omitted).

Our review of the record supports the PCRA court's conclusions. Within his appeal issue, Baker also cites the governmental interference exception to the PCRA's time bar. Any such claim is waived for two reasons. Most importantly, Baker did not raise this exception in his *pro se* PCRA petition. *Burton*, *supra*. Secondly, even if properly raised below, the claim is waived on appeal because Baker has failed to develop any argument to support this

exception. **See Commonwealth v. Tielsch**, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

In sum, we agree with the PCRA court's conclusion that Baker cannot establish that he acted with due diligence in ascertaining the information upon which he bases his second PCRA petition. Thus, the PCRA court correctly determined that it lacked jurisdiction to consider Baker's claim further. **Derrickson**, **supra**. Because we likewise lack jurisdiction, **see id.**, we affirm the PCRA court's order denying Baker post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2023